```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION
```

WILHELMINA F. O'REILLY                                       PLAINTIFF

VS.                                  CIVIL ACTION NO. 3:19CV65TSL-RHW

UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER and its SCHOOL OF DENTISTRY;
DAVID A. FELTON, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY                                        DEFENDANTS

                       MEMORANDUM OPINION AND ORDER

Plaintiff Wilhelmina O'Reilly, an African-American female, has brought the present action against the University of Mississippi Medical Center School of Dentistry,[1] and David A. Felton, individually and in his official capacity as Dean of the School of Dentistry, under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983 and/or § 1981 asserting, or attempting to assert, claims for race discrimination, gender discrimination, retaliation, violations of her Fourteenth Amendment right to due process and, arguably, her First Amendment right to free speech. She additionally asserts, or attempts to assert state law claims for breach of contract, wrongful termination, tortious interference with employment, conspiracy, failure to train and intentional/negligent infliction of emotional harm. Defendants have moved to dismiss, contending that, with the

---

[1] In the complaint, plaintiff names University of Mississippi Medical Center (UMMC) as separate parties. However, the School of Dentistry is not a separate entity but rather is part of UMMC.

exception of her Title VII claims against UMMC, all of plaintiff's claims are barred as a matter of law and due to be dismissed. Plaintiff has responded in opposition to the motion. The court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted in part. However, as to those claims that are not dismissed herein, the court does not find that plaintiff has stated viable claims for relief, but rather concludes that plaintiff should be allowed to file an amended complaint to more clearly and fully delineate both the factual and legal basis for such claims.

### The Complaint

In support of her various causes of action, plaintiff alleges the following: She is a pediatric dentist. For over twenty-five years, she was employed by UMMC's School of Dentistry in various capacities, including as Assistant Dean of Student Affairs and as Interim Chair of Pediatric Dentistry. In October 2017, she was terminated as Assistant Dean based on her race and gender. She filed an appeal and grievance, which UMMC refused to handle in accordance with its policies and procedures. Both prior to and following her termination as Assistant Dean, defendants subjected her to ongoing discrimination, harassment and hostility (a hostile work environment) because of her race and gender, and, after she filed her grievance, also in retaliation for her grievance. Because the "continued and ongoing discrimination, harassment,

2

hostility in the workplace, and retaliation" to which she was subjected had "such an effect on her physical, mental and emotional, health," it could no longer be endured and she was eventually compelled to resign and thus was constructively discharged.

Rule 12(b)(6) Standard

Under Rule 12(b)(6), "[d]ismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. Shakeri v. ADT Sec. Servs., Inc., 816 F.3d 283, 290 (5th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although a complaint need not contain detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal. Turner v.

Lieutenant Driver, 848 F.3d 678, 685 (5th Cir. 2017) (internal quotation marks and citation omitted).

Eleventh Amendment

Defendants contend that UMMC and Dr. Felton in his official capacity are entitled to immunity under the Eleventh Amendment as to O'Reilly's claims under §§ 1981 and 1983, and all her state law claims.[2] The Eleventh Amendment "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002) (citations omitted). This immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." Id. at 326 (citations omitted). See also Sullivan v. Univ. of Miss. Med. Ctr., 617 F. Supp. 554, 555 (S.D. Miss. 1985) ("Generally speaking, the Eleventh Amendment immunizes states and state agencies from suit in federal court, unless the state has consented to be sued, or unless Congressional legislation specifically overrides this immunity."). UMMC is an arm of the State of Mississippi and is entitled to immunity under the Eleventh Amendment unless there has been an abrogation or waiver of such immunity. See McGarry v. Univ. of Miss. Med. Ctr., 355 Fed. Appx. 853, 856 (5th Cir. 2009) (noting that UMMC is an arm of

---

[2] In her response, plaintiff does not acknowledge, much less address, defendants' argument for dismissal based on the Eleventh Amendment.

4

the University of Mississippi, a state agency). There has been no such abrogation or waiver as to plaintiff's § 1981 or § 1983 claims or any of her state law claims. See Moore v. Univ. of Miss. Med. Ctr., 719 F. App'x 381, 388 (5th Cir. 2018) ("Section 1981 does not waive a state's Eleventh Amendment immunity" and "[w]hile Mississippi has waived its state sovereign immunity to suit in state court for breach of contract, there is no unequivocal statement of its intent to also waive its Eleventh Amendment immunity to suit in federal court.") (citations omitted); NiGen Biotech, L.L.C. v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015) ("§ 1983 does not abrogate state sovereign immunity.") (citation omitted); Black v. N. Panola Sch. Dist., 461 F.3d 584, 594 (5th Cir. 2006) (the Mississippi Tort Claims Act "preserves all immunities granted by the Eleventh Amendment of the United States Constitution.") (citing Miss. Code § 11-46-5(4)).

Plaintiff's claims against Dr. Felton in his official capacity under §§ 1981 and 1983 are likewise barred by the Eleventh Amendment,[3] as are her state law claims. Suits against state officers in their official capacities, rather than their personal capacities, are treated as suits against the state entity itself. See Kentucky v. Graham, 473 U.S. 159, 165-67, 105 S. Ct.

---

[3] Section 1981 does not provide a cause of action against state actors in their official capacity. Oden v. Oktibbeha Cty., Miss., 246 F.3d 458, 462 (5th Cir. 2001). Instead, such claims must be brought under § 1983. Id.

3099, 87 L. Ed. 2d 114 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). Such officials are thus entitled to invoke the state's Eleventh Amendment immunity. McKinley v. Abbott, 643 F.3d 403, 406 (5th Cir. 2011), cert. denied, 565 U.S. 1079 (2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself"). See Kermode v. Univ. of Miss. Med. Ctr., 496 F. App'x 483, 488 (5th Cir. 2012) (state's immunity under Eleventh Amendment "extends to both [UMMC] itself and to its faculty administrators sued in their official capacities.").[4]

Dr. Felton: Individual Capacity

Title VII:

Plaintiff's Title VII claims against Dr. Felton in his individual and official capacities fail as a matter of law. See Ackel v. Nat'l Comm'ns, Inc., 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing Smith v. Amedisys Inc., 298 F.3d 434, 448-49 (5th

---

[4] There is an exception to Eleventh Amendment immunity under ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), for official-capacity claims against state officials seeking prospective injunctive relief based on federal constitutional violations. However, plaintiff has asserted no such claim in this case. Her complaint refers in passing to "equitable relief", but in her prayer for relief, she seeks only monetary damages. Nowhere in her complaint does she purport to seek equitable relief of any sort from Dr. Felton. Accordingly, the ex Parte Young exception does not apply,

6

Cir. 2002)) (noting that "[i]ndividuals are not liable under Title VII in either their individual or official capacities.").

State Law Claims

Plaintiff has undertaken to assert state law causes of action against Dr. Felton for breach of contract, wrongful discharge, tortious interference with employment, negligent and/or intentional infliction of emotional distress and conspiracy.[5]

With respect to plaintiff's claim for breach of contract, defendants correctly assert that Dr. Felton cannot be held liable for any breach of contract as he was not a party to Felton's employment contract. See Whiting v. Univ. of S. Miss., 62 So. 3d 907, 916-17 (Miss. 2011) (plaintiff's employment was with Board of Institutions of Higher Learning, not the university or its officers, and thus the university and defendants named in their individual capacities could not be held liable for breach of contract).

---

[5] Plaintiff has included a putative cause of action for failure to train, but it appears that claim is directed against UMMC, not against Dr. Felton individually. The charge recites that "Defendants failed to adequately train officers, agents, administrators, supervisors, representatives and personnel they employed in a sufficient manner to protect Dr. O'Reilly from the discriminatory conduct, harassment, and hostile work environment alleged herein which is a direct and proximate cause of the damages alleged herein." However, Dr. Felton does not "employ" anyone, and he is the one person alleged to have been primarily responsible for the alleged discriminatory conduct, harassment, and hostile work environment.

7

Further, Dr. Felton cannot be individually liable for wrongful termination. See DeCarlo v. Bonus Stores, Inc., 989 So. 2d 351, 359 (Miss. 2008) (liability in wrongful termination and wrongful discharge cases is limited to the employer only and does not extend to individual defendants).  And, while plaintiff does not specify whether her purported conspiracy claim against Dr. Felton is brought pursuant to federal or state law, she cannot succeed on that claim against him in either case. See Alford v. City of Wiggins, MS, No. 1:16CV19-LG-RHW, 2017 WL 923405, at *4 (S.D. Miss. Mar. 8, 2017) (a "[c]ity and its officials, agents, and employees constitute a single legal entity which cannot conspire with itself for purposes of § 1985(3) under the intracorporate conspiracy doctrine.") (citing Benningfield v. City of Houston, 157 F.3d 369, 378 (5th Cir. 1998)); Orr v. Morgan, 230 So. 3d 368, 375 (Miss. Ct. App. 2017) (corporation cannot conspire with itself; and since employees are agents of the corporation and acts of an agent are acts of the corporation, then employee cannot be liable for conspiracy).

Defendants argue that plaintiff's claims against Dr. Felton for tortious interference with employment and for negligent and intentional infliction of emotional distress are barred by the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 *et*

*seq.*[6] That is, they argue that under the MTCA, which "provides the exclusive remedy against a governmental entity and its employees for acts or omissions which give rise to a suit," Estate of Williams ex rel. Williams v. City of Jackson, 844 So. 2d 1161, 1164 (Miss. 2003), an employee may not be held personally liable for actions taken within the course and scope of his employment, Miss. Code Ann. § 11-46-7(2) ("an employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."); and since all of Dr. Felton's challenged actions were taken in the course and scope of his employment, then he cannot be personally liable and is entitled to dismissal of these claims.

Defendants' argument is correct as it relates to plaintiff's claim for negligent infliction of emotional distress. However, the MTCA does not apply to her claim for tortious interference with employment or for intentional infliction of emotional distress, and in their motion, defendants have not identified an

---

[6] In fact, defendants argue that all plaintiff's tort claims are governed by, and barred by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq*. However, defendants have advanced arguments for dismissal of plaintiff's other tort claims on other grounds which the court has found have merit.

9

alternate basis for dismissal of these claims. Under the MTCA, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." Miss. Code Ann. § 11-46-7(2). As is pertinent here, "[m]alice in law is not necessarily personal hate or ill will, but it is the intent, without justification or excuse, to commit a wrongful act." Harmon v. Regions Bank, 961 So. 2d 693, 699 (Miss. 2007) (internal quotation marks omitted).

> Because acts constituting malice fall outside the course and scope of an employee's employment, "torts in which malice is an essential element" necessarily fall outside the provisions of the MTCA and, therefore, fall outside the MTCA's waiver of immunity. [Univ. Of Miss. Med. Ctr. v.] Oliver, 235 So. 3d 75, 82 (Miss. 2017)]. Where a tort does not require proof of malice, it is subject to the provisions of the MTCA unless the plaintiff alleged that that the tortious acts were done outside the course and scope of employment. Id.

Ellis v. Lowndes Cty., No. 1:16-CV-177-DMB-DAS, 2017 WL 6045440, at *6 (N.D. Miss. Dec. 6, 2017). An essential element of a claim for tortious interference with employment is that the defendant's acts "were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice)". McClinton v. Delta Pride Catfish, Inc., 792 So. 2d 968, 976 (Miss. 2001) (parenthetical in original). See Springer v. Ausbern Constr. Co., 231 So. 3d 980,

10

988 (Miss. 2017) (claim for tortious interference with contract requires proof of malice and is not subject to MTCA).[7]

Likewise, the MTCA does not apply to plaintiff's claim for intentional infliction of emotional distress as she alleges that Dr. Felton's actions were "willful and malicious." See Pardue v. Jackson Cty., Miss., No. 1:14-CV-290-KS-MTP, 2016 WL 3024153, at *8 (S.D. Miss. May 25, 2016) (to the extent a claim for intentional infliction of emotional distress is predicated on malice, "it does not arise from actions within the course and scope of Defendants' employment.") (citing § 11-46-5(2)).[8]

Federal Claims: Qualified Immunity

Besides her Title VII claim, plaintiff has undertaken to assert additional federal claims against Dr. Felton in his individual capacity, primarily under § 1983.[9] Dr. Felton has

---

[7] The Mississippi Supreme Court in Springer resolved a conflict in prior cases as to whether tortious interference claims were covered by the MTCA, holding that they are not. See Johnson v. City of Shelby, Miss., 743 F.3d 59, 64 (5th Cir. 2013), cert. granted, judgment rev'd on other grounds, 574 U.S. 10, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014) (pointing out the clearly contradictory decisions of Mississippi Supreme Court on the issue).

[8] The court would emphasize that it does not find that plaintiff has stated a cognizable claim either for intentional infliction of emotional distress or interference with employment. It holds only that the MTCA does not apply to either claim.

[9] She includes a count for violation of § 1981, but if the claim is cognizable at all, it is only cognizable under § 1983. See Felton v. Polles, 315 F.3d 470, 481 (5th Cir. 2002), *abrogated on other grounds by* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) ("a state

11

moved to dismiss these claims on the basis of qualified immunity. Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. Doe v. Dall. Indep. Sch. Dist., 153 F.3d 211, 215 (5th Cir. 1998). Thus, to state a Section 1983 claim, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008) (citing Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000)). Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "[Q]ualified immunity is 'an *immunity from suit* rather than a mere defense to liability'." Langford v. Union Cty., Miss., 51 F. App'x 930 (5th Cir. 2002) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) (emphasis in original). Thus, the Fifth Circuit has

---

employee can assert a claim against his *supervisor*, in his *individual capacity*, for violation of § 1981, when the § 1981 right has *not* been asserted through § 1983." ).
§ 1983.

12

held that "when a public official is sued under § 1983 and claims qualified immunity, the plaintiff must comply with a 'heightened pleading' standard." Id. (citing Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc)). To satisfy this standard, "more than mere conclusions must be alleged." Floyd v. City of Kenner, La., 351 F. App'x 890, 893 (5th Cir. 2009).

> "[A] plaintiff cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." [Shultea, 47 F.3d] at 1432. "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999).

Id. See also Langford, 51 F. App'x 930 (heightened pleading standard "requires claims of specific conduct and actions giving rise to a constitutional violation" and not merely conclusions) (quoting Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996)).

While a heightened pleading standard applies when a defendant raises a defense of qualified immunity, a plaintiff is not required to "anticipate the [qualified immunity] defense in his complaint at the risk of dismissal under Rule 12." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004)(quoting Schultea, 47 F.3d at 1430). Instead,

> when, as here, a qualified immunity defense is asserted in an answer or motion to dismiss, "the district court must" — as always — do no more than determine whether the plaintiff has "file[d] a short and plain statement of his complaint, a statement that rests on more than conclusions alone." In so doing, ... the district court [must] apply "Rule 8(a)(2)'s 'short and plain' standard"

13

> to the complaint.  After applying this general pleading
> standard to the complaint, "the court *may [then], in its
> discretion*, insist that a plaintiff file a reply
> tailored to [the defendant's] answer [or motion to
> dismiss] pleading the defense of qualified immunity."

Anderson v. Valdez, 845 F.3d 580, 589-90 (5th Cir. 2016).  To reiterate, then, to satisfy Rule 8(a)(2)'s pleading standards,

> a plaintiff's complaint "must contain sufficient factual
> matter, [if] accepted as true, to 'state a claim to
> relief that is plausible on its face.'"  "A claim has
> facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable
> inference that the defendant is liable for the
> misconduct alleged."  "Threadbare recitals of the
> elements of a cause of action, supported by mere
> conclusory [sic] statements, do not suffice."  Although
> a complaint "does not need detailed factual
> allegations," the "allegations must be enough to raise a
> right to relief above the speculative level."
> "[C]onclus[ional] allegations or legal conclusions
> masquerading as factual conclusions will not suffice to
> prevent a motion to dismiss."

Anderson v. Valdez, 845 F.3d 580, 589 (5th Cir. 2016) (citing, among other cases, Twombly and Iqbal).

In this case, the court has read, and re-read plaintiff's complaint in an effort to discern exactly what claims she is attempting to assert against Dr. Felton and the specific factual basis for the claims.  Unfortunately, it is rather murky, and the court has not made significant headway.  Obviously, she has attempted to state claims for race and sex discrimination (including disparate treatment, hostile work environment and constructive discharge), and for retaliation (including retaliatory hostile work environment and constructive discharge). But plaintiff's complaint is not entirely illuminating as to the

14

specific legal or factual basis for these putative claims.  Her
allegations are mostly conclusory with little factual detail,[10] and
she does not identify the source of the federal right that was
violated or under which her claims are brought.  In her response
to defendants' motion, plaintiff maintains the complaint is
adequate under applicable Rule 8(a)(2).[11]  The court is dubious.
However, as an alternate position, plaintiff asks that she be
allowed to file an amended complaint "in order to further define
her claims and delineate her claims with respect to each
defendant...."  Defendants have not responded to this request.

Particularly as the court could (and would) have *sua sponte*
ordered plaintiff to file a Rule 7 reply in accordance with
Shultea even had she not asked to amend, the court will grant her
request to amend.  She will be given fourteen days to file an
amended complaint.  The amended complaint shall not include claims
that the court has concluded herein are barred as a matter of law,
nor shall it include any claims that she has not at least arguably
attempted to assert in her original complaint.[12]  Further, since

---

[10]     By way of example only, her repeated allegation that she
was subjected to a "hostile work environment" is not a fact but a
conclusion, as is her allegation that she was "constructively
discharged."

[11]     Notably, plaintiff does not argue that the complaint
satisfies any heightened pleading standard but rather asserts,
citing Anderson v. Valdez, 845 F.3d 580 (5th Cir. 2016), that the
complaint is not subject to a heightened pleading standard.

[12]     See Ellis v. Crawford, No. 3:03-CV-2416-D, 2007 WL
1624773, at *11 (N.D. Tex. June 6, 2007) ("The Rule 7(a) reply is

15

Dr. Felton has now raised his qualified immunity defense, the amended complaint will be subject to heightened pleading requirements delineated *supra* pp. 12-13.[13]

Conclusion

Based on the foregoing, it is ordered that defendants' motion to dismiss is granted in part and that all plaintiff's claims against UMMC, with the exception of her claims under Title VII, are dismissed with prejudice; that all her claims against Dr. Felton in his official capacity are dismissed with prejudice; and that her state law claims against Dr. Felton in his individual capacity for breach of contract, wrongful termination, conspiracy and negligent infliction of emotional distress are dismissed with prejudice. It is further ordered that plaintiff shall have fourteen days within which to file an amended complaint that complies with the requirements and restrictions set forth herein.[14]

SO ORDERED this 24th day of June, 2019.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

not a proper vehicle for plaintiffs to raise a new cause of action that they have not been granted leave to add through an amended complaint.").

[13] In drafting her amended complaint, plaintiff should also be mindful of defendants' specific challenges to alleged legal and factual deficiencies in her original complaint.

[14] Should plaintiff not file an amended complaint, the court will interpret that as plaintiff's taking the position that her current complaint represents her best case and will grant Dr. Felton's motion to dismiss in his individual capacity.

16